UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREA ELSHARIF and SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the estate of SEIF ELSHARIF, and SAMIRAH REALTY, LLC, Plaintiffs, <br><br> v. <br><br> EMAD ABED, Defendant. | ) ) ) ) ) ) ) ) CAUSE NO.: 2:22-CV-124-JVB-APR ) ) ) ) |
| EMAD ABED, Counterclaimant, <br><br> v. <br><br> ANDREA ELSHARIF and SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the estate of SEIF ELSHARIF, and SAMIRAH REALTY, LLC, Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Remand and for Costs and Expenses Caused by Improper Removal [DE 5] filed by Plaintiffs on May 11, 2022. Defendant Emad Abed, who is litigating *pro se*, filed a response on May 20, 2022. Plaintiffs filed a reply on June 1, 2022.

Plaintiffs initiated this cause of action by filing a Complaint to Quiet Title in Lake County, Indiana, Superior Court on May 11, 2021. The case was assigned case number 45D11-2105-CT-000459, and the Court takes judicial notice of the public docket of that case.

Named as defendants were Emad Abed, who remains a defendant, and John F. Askwith, who was dismissed on June 23, 2021, before Abed appeared in the case. Abed appeared by counsel

on July 30, 2021, and filed his answer and counterclaims on September 7, 2021. The state court ruled on a partial motion for summary judgment on November 2, 2021.

On May 2, 2022, the state court granted Plaintiffs' motion to amend their complaint. Plaintiffs filed their amended complaint the same day. On the following day, Abed's counsel filed a motion to withdraw his appearance, which was granted. On May 9, 2022, Abed removed the action to this federal court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.

On May 11, 2022, Plaintiffs filed the instant motion to remand to state court. Also pending at this time are a motion for leave to proceed in forma pauperis and a motion to transfer venue, both filed by Abed.

## ANALYSIS

A civil action brought in state court can be removed to federal court if the federal court has original jurisdiction over the cause of action. 28 U.S.C. § 1441(a). Abed has alleged that the Court has original jurisdiction over this case due to diversity jurisdiction, which requires the case to be between citizens of different states with an amount in controversy of $75,000 or more. *See* 28 U.S.C. § 1332(a).

Section 1446 of Title 28 of the United States Code governs the procedure for removal of civil actions from state court to federal court. The statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The statute further provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first

2

be ascertained that the case is one which is or has become removable" but only if the case stated by the initial pleading is not removable. *Id.* § 1446(b)(3).

Plaintiffs assert that the parties were the same in both the original and amended complaints, so Abed's removal of this case was untimely. Abed counters that the original complaint was not removable because both he and Askwith (the dismissed defendant) were citizens of Minnesota, which Abed appears to believe destroys diversity. However, a case is diverse when there are no citizens of the same state on *both* sides of the litigation. *See Singletary v. Continental Ill. Nat'l Bank & Tr. Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993). Therefore, it is immaterial for diversity purposes if there are multiple citizens of the same state on *the same* side of the litigation, such as Abed and Askwith.

Abed also asserts that Askwith did not consent to the removal of the case. Assuming this to be true, a co-defendant's lack of consent does not affect when the 30-day period for removal provided by § 1446 begins. That is, consent of co-defendants is required for a case to be *removed*, but consent is not required for a case to be *removable*. A new 30-day window only opens when the case becomes newly *removable* (or newly ascertainable as removable). *See* 28 U.S.C. § 1446(b)(3). Still, Askwith was dismissed from the case on June 23, 2021, so Abed had time remaining in his 30-day window from being served with the complaint to remove the case to federal court after Askwith's dismissal even if Askwith would not consent to removal.

Abed further argues that the amended complaint added new parties. However, Abed points to no new parties. Instead, he identifies new allegations involving property other than that in the original complaint. The amended complaint (because it was filed in state court) was governed by Indiana Trial Rule 10, which requires "the names of *all* the parties" to be in the title of the

complaint. Ind. Tr. R. 10(A) (emphasis added). By comparing the titles of the original and amended complaints, it is clear that there are no new parties to the first amended complaint.[1]

Regarding the amount in controversy, a cursory reading of the original complaint reveals that Plaintiffs requested damages well over one million dollars. The requirement that at least $75,000 be in controversy was met by the original complaint.

Thus, the amended complaint did not change the diversity of citizenship analysis or newly meet the amount in controversy requirement. This is not a case where the case stated by the initial pleading was not removable but became removable due to the amended complaint. So, it is the initial complaint by which the Court must measure the timeliness of the notice of removal. Plaintiffs submit that Abed received the original complaint on June 8, 2021, and present an affidavit of service in support. Abed does not challenge the affidavit.[2] Abed's 30-day period in which to timely file a notice of removal began when he received a copy of the complaint through service on June 8, 2021. That period elapsed long before the May 9, 2022 notice of removal.

As a final effort, Abed urges the Court to use judicial discretion to deny remand due to the interests of judicial economy and avoiding delay of the case. This argument is not well taken. The Court does not have judicial discretion to deny remand of an untimely removed lawsuit where untimeliness has been raised. "While the time limitation imposed by § 1446(b) is not jurisdictional, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) (citations omitted). Further, the state court case has seen significant motion

---

[1] The amended complaint again names John Askwith as a defendant despite his dismissal from the case in June 2021. This does not alter the reality that no new parties were added to the litigation by the amended complaint.

[2] Even if Abed had challenged his receipt of the original complaint, he logically must have received it by September 7, 2021, the date on which he filed his answer to it. Supposing Abed could show that the 30-day period should begin to run as of September 7, the 30 days had still expired months before Abed filed his notice of removal.

practice, and it is Abed that has delayed the proceedings by seeking removal, thus preventing the state court case from advancing further. If Abed were truly interested in timely resolution of this case, he would not have tried to remove it, especially since Abed is simultaneously seeking to transfer this case to the District of Minnesota, a process which would further delay the case as yet another court would need to become familiar with the facts and allegations of the case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.").

Because Abed's notice of removal was filed outside of the statutorily provided 30-day window in which to remove, it is untimely. Accordingly, the Court will grant Plaintiffs' motion for remand.

Plaintiffs request an award of costs under 28 U.S.C. § 1447(c), which provides "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A request for § 1447(c) fees can be made in a motion to remand, and the district court retains the jurisdiction to decide whether to award fees even when the case has been remanded to state court. *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. No showing of bad faith is required. *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 938 (N.D. Ill. 2017). "As a general rule, if, at the time the defendant filed [their] notice in federal court, clearly established law demonstrated that [they] had no basis for removal, then a district court should award a plaintiff [their] attorneys' fees." *Lott v. Pfizer, Inc.*,

492 F.3d 789, 793 (7th Cir. 2007). Here, there was ample legal authority showing that all of Abed's arguments would not prevail. He had no objectively reasonable basis for seeking removal, so the Court will award costs to Plaintiff.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the Motion to Remand and for Costs and Expenses Caused by Improper Removal [DE 5] and **REMANDS** this case to Lake County Superior Court. Pursuant to 28 U.S.C. § 1447(c), the Court **AWARDS** Plaintiffs, against Defendant Emad Abed, their just costs and actual expenses, including attorney fees, incurred as a result of the removal. The Court **ORDERS** Plaintiffs to file a fee petition **on or before June 17, 2022**. Abed may file a response as to the amount of the fees sought (but not as to the Court's decision to award just costs and actual expenses) **on or before July 1, 2022**.

SO ORDERED on June 3, 2022.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT