UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREA ELSHARIF and SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the estate of SEIF ELSHARIF, and SAMIRAH REALTY, LLC, <br>     Plaintiffs, <br><br> v. <br><br> EMAD ABED, <br>     Defendant. <br><br> EMAD ABED, <br>     Counterclaimant, <br><br> v. <br><br> ANDREA ELSHARIF and SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the estate of SEIF ELSHARIF, and SAMIRAH REALTY, LLC, <br>     Counterclaim Defendants. | CAUSE NO.: 2:22-CV-124-JVB-APR |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Stay Pending Appeal [DE 18] filed on June 13, 2022. Defendant Abed asks the Court to stay its order remanding this case to state court while Defendant seeks appellate review of that decision.

Part of the test for determining whether to grant a stay pending appeal is the likelihood of success on the merits. *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). So, if Defendant has no likelihood of his appeal being successful, then the motion should be denied.[1]

---

[1] The other parts of the test are the irreparable harm to the parties and public interest concerns, and the parts are evaluated on a sliding scale. *In re A & F. Enterprises, Inc. II*, 742 F.3d at 766. Because the Court finds, below, that the Court's remand order is unreviewable and Defendant cannot win on the merits, the Court declines to evaluate the other parts of the test.

Despite Defendant's desire to appeal, 28 U.S.C. § 1447(d) provides:

[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Sections 1442 and 1443 provide exceptions where federal officers or agencies are sued or prosecuted and for civil rights cases, respectively. Neither exception applies to this case.

Where a Court has issued a remand order for a reason listed in 28 U.S.C. § 1447(c), review of the order is barred. *Adkins v. Ill. Cent. R. Co.*, 326 F.3d 828, 831 (7th Cir. 2003); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) ("[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d).").

The Court remanded this case due to defects in the removal procedure, namely the untimeliness of the notice of removal. Section 1447(c) governs motions to remand for improper removal procedure. *See* 28 U.S.C. § 1447(c); *see also Quackenbush*, 517 U.S. at 712 (noting two categories of remand orders described in § 1447(c), specifically those based on lack of subject matter jurisdiction and those based on defects in removal procedure). Therefore, the Court's remand order is not reviewable on appeal. Consequently, there is no likelihood that Defendant will succeed on the merits of an appeal of the remand order, so will not grant a stay.

Based on the above, the Court hereby **DENIES** Defendant's Motion for Stay Pending Appeal [DE 18].

SO ORDERED on June 15, 2022.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT